1
2
3
4          IN THE UNITED STATES DISTRICT COURT
5         FOR THE NORTHERN DISTRICT OF CALIFORNIA
6
7     JOHNNY LEE SLOAN, P-77770,              )
                                              )
8               Plaintiff(s),                 )    No. C 13-2437 CRB (PR)
                                              )
9          vs.                                )    ORDER OF DISMISSAL WITH
                                              )    LEAVE TO AMEND
10    D. ASUNCION, et al.,                    )
                                              )    (Docket #13 & 17)
11              Defendant(s).                 )
                                              )
12    ————————————————————————
13          Plaintiff, a prisoner at Salinas Valley State Prison (SVSP), has filed a pro

14    se complaint for damages under 42 U.S.C. § 1983 alleging racially discriminatory

15    lockdowns at SVSP against African-American prisoners.  But the complaint also

16    appears to suggest other violations of plaintiff's federal rights, and plaintiff's

17    subsequent filings appear to raise yet more violations of plaintiff's federal rights.

18          Plaintiff's complaint will be dismissed with leave to amend to specifically

19    bring all related claims in an amended complaint.  Plaintiff is advised that a

20    plaintiff may properly join as many claims as he has against an opposing party.

21    Fed. R. Civ. P. 18(a).  But parties may be joined as defendants in one action only

22    "if any right to relief is asserted against them jointly, severally, or in the

23    alternative with respect to or arising out of the same transaction, occurrence, or

24    series of transactions or occurrences; and any question of law or fact common to

25    all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  Put simply,

26    claims against different parties may be joined together in one complaint only if

27    the claims have similar factual backgrounds and have common issues of law or

28    fact.  Coughlin v. Rogers, 130 F.3d 1348, 1350-51 (9th Cir. 1997).

1        Plaintiff also is advised that in order to state a claim for damages against

2  individual defendants, he must allege specific facts showing how each named

3  defendant actually and proximately caused the deprivation of his federal rights of

4  which he complains.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

5  Even at the pleading stage, "[a] plaintiff must allege facts, not simply

6  conclusions, that show that an individual was personally involved in the

7  deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th

8  Cir. 1998).

9        For the foregoing reasons, the complaint is DISMISSED WITH LEAVE

10  TO AMEND, as indicated above, within 30 days of this order.  The pleading

11  must be simple and concise and must include the caption and civil case number

12  used in this order and the words FIRST AMENDED COMPLAINT on the first

13  page.  Failure to file a proper amended complaint within the designated time will

14  result in the dismissal of this action.

15        Plaintiff is advised that the amended complaint will supersede the original

16  complaint and all other pleadings.  Claims and defendants not included in the

17  amended complaint will not be considered by the court.  See King v. Atiyeh, 814

18  F.2d 565, 567 (9th Cir. 1987).

19        Plaintiff's request and motion for preliminary injunctive relief (see docket

20  #13 & 17) are DENIED without prejudice to renewing if his amended complaint

21  is found to contain cognizable claims for relief and ordered served.

22  SO ORDERED.

23  DATED:  Sept. 12, 2013

24                    CHARLES R. BREYER
                       United States District Judge

G:\PRO-SE\CRB\CR.13\Sloan, J.13-2437.dwlta.wpd