IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY LEE SLOAN, P-77770, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> D. ASUNCION, et al., ) <br> ) <br> Defendant(s). ) <br> ) | No. C 13-2437 CRB (PR) <br><br> ORDER OF DISMISSAL WITH LEAVE TO AMEND <br><br> (Docket #13 & 17) |

Plaintiff, a prisoner at Salinas Valley State Prison (SVSP), has filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging racially discriminatory lockdowns at SVSP against African-American prisoners. But the complaint also appears to suggest other violations of plaintiff's federal rights, and plaintiff's subsequent filings appear to raise yet more violations of plaintiff's federal rights.

Plaintiff's complaint will be dismissed with leave to amend to specifically bring all related claims in an amended complaint. Plaintiff is advised that a plaintiff may properly join as many claims as he has against an opposing party. Fed. R. Civ. P. 18(a). But parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Put simply, claims against different parties may be joined together in one complaint only if the claims have similar factual backgrounds and have common issues of law or fact. Coughlin v. Rogers, 130 F.3d 1348, 1350-51 (9th Cir. 1997).

1    Plaintiff also is advised that in order to state a claim for damages against
2    individual defendants, he must allege specific facts showing how each named
3    defendant actually and proximately caused the deprivation of his federal rights of
4    which he complains.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).
5    Even at the pleading stage, "[a] plaintiff must allege facts, not simply
6    conclusions, that show that an individual was personally involved in the
7    deprivation of his civil rights."  Barren v. Harrington, 152 F.3d 1193, 1194 (9th
8    Cir. 1998).

9    For the foregoing reasons, the complaint is DISMISSED WITH LEAVE
10   TO AMEND, as indicated above, within 30 days of this order.  The pleading
11   must be simple and concise and must include the caption and civil case number
12   used in this order and the words FIRST AMENDED COMPLAINT on the first
13   page.  Failure to file a proper amended complaint within the designated time will
14   result in the dismissal of this action.

15   Plaintiff is advised that the amended complaint will supersede the original
16   complaint and all other pleadings.  Claims and defendants not included in the
17   amended complaint will not be considered by the court.  See King v. Atiyeh, 814
18   F.2d 565, 567 (9th Cir. 1987).

19   Plaintiff's request and motion for preliminary injunctive relief (see docket
20   #13 & 17) are DENIED without prejudice to renewing if his amended complaint
21   is found to contain cognizable claims for relief and ordered served.

22   SO ORDERED.

23   DATED:  Sept. 12, 2013

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.13\Sloan, J.13-2437.dwlta.wpd

2