IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY LEE SLOAN, JR., P-77770, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> v. ) <br> ) <br> D. ASUNCION, et al., ) <br> ) <br> Defendant(s). ) <br> ) | No. C 13-2437 CRB (PR) <br><br> ORDER OF SERVICE |

       Plaintiff, a prisoner at High Desert State Prison (HDSP), has filed a pro se Second Amended Complaint (SAC) under 42 U.S.C. § 1983 alleging that, while he was at Salinas Valley State Prison (SVSP), he was subjected to racially discriminatory lockdowns and to retaliation for filing an administrative grievance regarding the lockdowns. Plaintiff also alleges ongoing problems at HDSP.

**DISCUSSION**

A.    Standard of Review

       Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Legal Claims

Plaintiff, who is African-American and arrived at SVSP on January 5, 2012, alleges that he was subjected to racially discriminatory lockdowns against African-American prisoners at SVSP because after "incidents" occurred between African-American prisoners and Northern Hispanic prisoners and both groups were put on lockdown, only Northern Hispanic prisoners were allowed to return to normal programming. Plaintiff also alleges that SVSP officials retaliated against him for filing an administrative grievance regarding the lockdowns in numerous ways until they eventually had him transferred to HDSP in late 2013.

Liberally construed, plaintiff's allegations appear to state cognizable equal protection and retaliation claims for damages under § 1983 and will be served on the named SVSP and California Department of Corrections and Rehabilitation (CDCR) defendants. See Richardson v. Runnels, 594 F.3d 666, 671 (9th Cir. 2010) (Equal Protection Clause protects prisoners against discrimination based on race; prison lockdown based on race is suspect and subject to same strict scrutiny as racial classification outside prison); Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005) (prisoner may not be retaliated against for filing prison grievances and appeals). But plaintiff's allegations regarding problems he has encountered at HDSP and corresponding HDSP defendants (as well as his request for injunctive relief) are dismissed without prejudice to bringing in a separate suit in the Eastern District of California. The instant action will be limited to

1 damages for the racial discrimination and retaliation plaintiff claims he was
2 subjected to while at SVSP.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the SAC in this matter (dkt. #34), all attachments thereto, and copies of this order on the named SVSP and CDCR defendants. The named HDSP defendants – F. Foulk, Domondo, S. Matis, D. Clark, L. Lopez, L. Bolls, Smith, Bartos, Murchison, Phobst, R. Fine, Bergson, Boring and Dr. Windsor – are dismissed. The clerk also shall serve a copy of this order on plaintiff.

2. In order to expedite the resolution of this case, the court orders as follows:

   a. No later than 90 days from the date of this order, defendants shall serve and file a motion for summary judgment or other dispositive motion. A motion for summary judgment must be supported by adequate factual documentation and must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).

   If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court

3

1 | prior to the date their motion is due.  All papers filed with the court shall be
2 | served promptly on plaintiff.
3 |     b.   Plaintiff must serve and file an opposition or statement of
4 | non-opposition to the dispositive motion not more than 28 days after the motion
5 | is served and filed.
6 |     c.   Plaintiff is advised that a motion for summary judgment
7 | under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your
8 | case.  Rule 56 tells you what you must do in order to oppose a motion for
9 | summary judgment.  Generally, summary judgment must be granted when there
10 | is no genuine issue of material fact – that is, if there is no real dispute about any
11 | fact that would affect the result of your case, the party who asked for summary
12 | judgment is entitled to judgment as a matter of law, which will end your case.
13 | When a party you are suing makes a motion for summary judgment that is
14 | properly supported by declarations (or other sworn testimony), you cannot simply
15 | rely on what your complaint says.  Instead, you must set out specific facts in
16 | declarations, depositions, answers to interrogatories, or authenticated documents,
17 | as provided in Rule 56(e), that contradicts the facts shown in the defendant's
18 | declarations and documents and show that there is a genuine issue of material
19 | fact for trial.  If you do not submit your own evidence in opposition, summary
20 | judgment, if appropriate, may be entered against you.  If summary judgment is
21 | granted, your case will be dismissed and there will be no trial.  Rand v. Rowland,
22 | 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).
23 |     (The Rand notice above does not excuse defendants' obligation to serve
24 | said notice again concurrently with motions for summary judgment.  Woods, 684
25 | F.3d at 935.)
26 | /

4

1           d.     Defendants must serve and file a reply to an opposition not
more than 14 days after the opposition is served and filed.

          e.     The motion shall be deemed submitted as of the date the reply is due. No hearing will be held on the motion unless the court so orders at a later date.

    3.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

    4.     All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

    5.     It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: June 12, 2014

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.13\Sloan, J.13-2437.serve.wpd