IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHNNY LEE SLOAN, JR., P-77770,       )
                                      )
                Plaintiff(s),         )        No. C 13-2437 CRB (PR)
                                      )
        v.                            )        ORDER
                                      )
D. ASUNCION, et al.,                  )        (Dkt. #37)
                                      )
                Defendant(s).         )
_____)

       Plaintiff, a prisoner at High Desert State Prison (HDSP), filed a pro se Second Amended Complaint (SAC) under 42 U.S.C. § 1983 alleging that, while he was at Salinas Valley State Prison (SVSP), he was subjected to racially discriminatory lockdowns and to retaliation for filing an administrative grievance regarding the lockdowns. Plaintiff also alleges ongoing problems at HDSP.

       Per order filed on June 12, 2014, the court found that, liberally construed, plaintiff's allegations appear to state cognizable equal protection and retaliation claims for damages under § 1983 and ordered said claims served on the named SVSP and California Department of Corrections and Rehabilitation (CDCR) defendants. But the court dismissed plaintiff's allegations regarding problems he has encountered at HDSP and corresponding HDSP defendants (as well as his request for injunctive relief) without prejudice to bringing in a separate suit in the Eastern District of California. The court made clear that the "instant action will be limited to damages for the racial discrimination and retaliation plaintiff claims he was subjected to while at SVSP." Dkt. # 35 at 2-3.

Plaintiff has filed a pleading entitled "Objection to the June 12, 2014 Ruling and Motion Request for Leave to File Motion Request for Joinder of Parties." Dkt. #37. The pleading is construed as a motion for reconsideration and is DENIED. In a nutshell, plaintiff's attempt to connect the alleged miscellaneous problems he has encountered at HDSP in 2014 to the alleged racially discriminatory lockdowns and retaliation he encountered at SVSP in 2012 and 2013 is unpersuasive. As noted earlier, the "instant action will be limited to damages for the racial discrimination and retaliation plaintiff claims he was subjected to while at SVSP." Dkt. # 35 at 2-3.

SO ORDERED.

DATED: July 1, 2014                   _____

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.13\Sloan, J.13-2437.deny-recon.wpd